NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER ZENDEJAS VAZQUEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5366 <br><br> Agency No. <br> A059-928-779 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025**

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Javier Zendejas Vazquez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal and deeming waived his applications for asylum, withholding of removal,

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the denial of Zendejas Vazquez's application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 596 U.S. 328, 338-40 (2022) (when the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings or discretionary decisions). The petition does not raise a colorable legal or constitutional claim the court can review. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

To the extent Zendejas Vazquez challenges the BIA's determination that remand to reapply for asylum, withholding of removal, and CAT protection was not warranted, the BIA did not abuse its discretion where Zendejas Vazquez did not show changed country conditions in Mexico. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed).

To the extent Zendejas Vazquez claims the agency violated due process by overlooking evidence of past and future harm, his claims fail because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014)

24-5366

("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The request (Docket Entry No. 22) for an expedited ruling on the motion to stay removal is granted. The motion to stay removal is denied. The temporary stay of removal is lifted.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**